**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SUNIL BABWAH,**

    **Plaintiff,**

v.                                                                                             Case No: 5:19-cv-373-Oc-30PRL

**GEOVERA SPECIALTY INSURANCE COMPANY,**

    **Defendant.**

## ORDER

On July 2, 2020, Defendant filed a motion to compel seeking better responses from Plaintiff to certain Interrogatories and Requests for Production. (Doc. 27). Plaintiff failed to file any response in opposition. Accordingly, on July 23, 2020, the Court entered an order directing Plaintiff to show cause within five (5) days why the motion should not be granted as unopposed. (Doc. 29). Plaintiff timely responded and advised that she had finally served amended discovery responses on July 24, 2020 – three weeks after the motion to compel had been filed and one day after the Court had entered its order to show cause. Because Plaintiff has purportedly provided the amended discovery responses sought by the motion to compel, she asks the Court to deny the motion to compel as moot.

However, when, as here, the requested discovery is provided after the motion to compel is filed, the Court still is required to award the attorney's fees and expenses incurred in filing the motion. *See* Fed. R. Civ. P. 37(a)(4)(A).[1] Only if the Court determines that the motion was filed

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A) ("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

- 2 -

without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here.

Indeed, before filing this motion, defense counsel represents that he corresponded with Plaintiff's counsel in efforts to obtain the discovery. And in response to the order to show cause, Plaintiff fails to offer any explanation as to why sanctions should not be imposed. Plaintiff's counsel simply states that after the motion to compel was filed he "attempted numerous times" to speak with Plaintiff and address the deficiencies. It is unclear why that process took three weeks and the entry of this Court's order to show cause. Under these circumstances, Defendant is entitled to reimbursement for the attorney's fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiff is hereby ordered to pay to Defendant the reasonable attorney's fees and expenses incurred by Defendant in preparing and filing the instant motion to compel. Defendant shall submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable attorney's fees and expenses incurred in preparing and filing the motion to compel. To the extent that Plaintiff objects to the amount of fees and expenses claimed by Defendant, Plaintiff shall file a response within **ten (10) days** of service of Plaintiff's affidavit. Upon receipt of Defendant's affidavit and any objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

---

making the motion, including attorney's fees." (emphasis added).

**DONE** and **ORDERED** in Ocala, Florida on August 7, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties