## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**SUNIL BABWAH,**

     **Plaintiff,**

**v.**                                                             **Case No: 5:19-cv-373-Oc-30PRL**

**GEOVERA SPECIALTY INSURANCE
COMPANY,**

     **Defendant.**

_____

## ORDER

On August 7, 2020, the Court granted Defendant's motion to compel to the extent that it ordered Plaintiff to pay to Defendant the reasonable attorney's fees and expenses incurred by Defendant in preparing and filing the motion. (Doc. 32). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. Defendant timely filed a motion for fees, with the Affidavit of Attorney M. Robert Malani, supporting billing invoices, and attorney biographies. (Doc. 35). Plaintiff has not filed a response in opposition and the time for doing so has passed.

Because the Court has already found that Defendant is entitled to its reasonable expenses and attorney's fees incurred in preparing and filing the motion to compel, the only issue still open for consideration is the amount of the reasonable expenses and fees. Defendant's counsel, M. Robert Malani, of Gordon Rees Scully Mansukhani, represents that he and co-counsel, Kristina L. Marsh expended a total of 5.9 hours in preparing and filing the motion to compel at an hourly rate of $235.00 for Attorney Marsh and $200.00 for Attorney Malani for a total of $1,197.50 in attorney's fees. Because Plaintiff failed to file a response in opposition, the Court lacks the benefit

of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g., Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is Areasonable). Nonetheless, even in the absence of a response from Plaintiff, the Court has a duty to ensure that the requested fees are reasonable.

Here, the Court concludes that the number of hours requested by Defendant are reasonable for the preparation and filing of the motion to compel. Likewise, the requested hourly rates are reasonable. Accordingly, Defendant's motion (Doc. 35) is **GRANTED**. Within **ten (10) days** of this Order, Plaintiff shall remit to Defendant **$1,197.50** which represents Defendant's reasonable attorney's fees and expenses incurred in the preparation and filing of the motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on September 4, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties